J-S39016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK T SHEVLIN | : | |
| | : | |
| Appellant | : | No. 1173 EDA 2025 |

Appeal from the PCRA Order Entered March 5, 2025
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000187-2020

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED JUNE 30, 2026**

Appellant Patrick T. Shevlin appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition following a hearing.  On appeal, Appellant raises multiple claims concerning error by the PCRA court and plea counsel's ineffectiveness.  Following our review, we reverse and remand for further proceedings consistent with this memorandum.

A prior panel of this Court summarized the underlying facts of this matter as follows:

> On April 21, 2018, the Port Jervis Police Department effectuated a stop of Appellant's vehicle in New York.  N.T., 8/6/20, at 7.  The Port Jervis police discovered "in excess of two hundred bags" of heroin in Appellant's possession.  *Id.*
>
> On September 24, 2019, Detective Michael Jones of the Pike County, Pennsylvania, Criminal Investigation Division received a

---

[1] 42 Pa.C.S. §§ 9541-9546.

report from a Port Jervis police officer, as well as a New York State trooper, advising that Eric Ramalho [(the Victim)] died in Port Jervis, Orange County, New York, as a result of a drug overdose. *See* Affidavit of Probable Cause, filed 3/30/20. The report further advised that, based on an investigation, the New York authorities determined [the Victim] purchased the illegal drugs, which caused his death, from Appellant at a Turkey Hill in Matamoras Borough, Pike County, Pennsylvania, on April 19, 2018. *Id.* Detectives Jones then investigated the matter in Pennsylvania, including seizing surveillance footage from cameras at the Turkey Hill in Pike County. *Id.*

Appellant was charged with various crimes in New York, and he pled guilty to possession with the intent to deliver a controlled substance with regard to the heroin seized by the Port Jervis police during the April 21, 2018 traffic stop. N.T., 8/6/20, at 12-13. He received a sentence in New York of five years in prison.

On March 30, 2020, Appellant was charged in Pike County, Pennsylvania, with various crimes in connection with the April 19, 2018 sale of the illegal drugs to [the Victim]. On July 2, 2020, Appellant entered a guilty plea to the sole charge of drug delivery resulting in death [DDRD], and in exchange, the Commonwealth dismissed the remaining charges. Further, the Commonwealth agreed to recommend a sentence of "six years to the max to be determined by the [trial] court." *Id.* at 11. The plea agreement left open for the trial court's discretion the issue of whether the sentence imposed in Pennsylvania would run concurrently or consecutively to the sentence previously imposed in New York. *Id.* at 12.

On August 6, 2020, Appellant, who was represented by counsel, proceeded to a sentencing hearing at which the trial court specifically indicated it was "agreeable to imposing a six-year minimum sentence." *Id.* The trial court reviewed a presentence investigation report, considered the sentencing guidelines, heard arguments from both parties, and provided Appellant with his right of allocution. The trial court reviewed the victim impact statement from [the Victim's] mother, who indicated she did not want her son's friend, Appellant, to receive any additional prison time. *Id.* at 10.

After stating its reasons on the record, the trial court imposed a sentence of six years to eighteen years in prison, to run

consecutively to the sentence Appellant was serving in the State of New York. *See id.* at 11-13.

On August 13, 2020, Appellant filed a timely counseled motion for the reconsideration of his sentence. Therein, Appellant averred the trial court abused its discretion in imposing the Pike County sentence consecutively, as opposed to concurrently, to the sentence imposed on Appellant in New York.

*Commonwealth v. Shevlin*, 1672 EDA 2020, 2021 WL 2557340, at *1-3 (Pa. Super. filed June 22, 2021) (unpublished mem.) (footnote omitted and some formatting altered).

Ultimately, the trial court denied Appellant's post-sentence motion and Appellant filed an appeal. On direct appeal, Appellant's sole claim was a challenge to the discretionary aspects of his sentence, which this Court found waived after the Commonwealth objected to Appellant's failure to include a Pa.R.A.P. 2119(f) statement.[2] Appellant filed a *pro se* PCRA petition, which the PCRA court dismissed as untimely. On appeal, this Court found that the PCRA court erred in failing to consider Appellant's initial filing as a timely request for PCRA relief and remanded the matter for further proceedings.

_____

[2] Specifically, Appellant raised the following issue:

Whether the trial court abused its discretion in sentencing Appellant to a sentence of six (6) years, to run consecutive to a criminal sentence, Indictment No.: 2018-295, in Orange County, New York, of five (5) years, despite the severity of the New York sentence, as well as victim impact testimony requesting leniency from the trial court?

*Shevlin*, 2021 WL 2557340, at *2.

Thereafter, the PCRA court explained:

On September 16, 2024, Attorney Fischer filed a second amended petition for [PCRA] relief on behalf of [Appellant]. The second amended petition requested dismissal of the criminal information on the doctrine of double jeopardy, pursuant to 18 Pa.C.S.A. § 111, imposition of an alleged illegal re-entry supervision sentence, vacation of sentence due to an alleged failure to allow allocution, dismissal of the criminal information on the bases of lack of sufficient evidence and lack of jurisdiction and ineffective assistance of counsel. A hearing was held on the [] second amended petition on November 5, 2024. The [Appellant] filed a post-hearing memorandum of law on November 18, 2024. The Commonwealth filed a brief in opposition on November 25, 2024. [Appellant] filed a supplement to his post-hearing memorandum on December 16, 2024. On March 5, 2025, the court issued an order granting the request to strike the twelve (12) month period of re-entry supervision, finding that the imposition of such supervision consecutive to any other sentence imposed in the August 6, 2020 sentencing order was improper, and denied the remaining claims.

PCRA Ct. Op., 5/27/25, at 2-3.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.

On appeal, Appellant raises the following issues for review, which we have reordered as follows:

1. Did the PCRA court err in denying relief when [Appellant's] former counsel was ineffective for misrepresenting the status of the related New York charges against [Appellant] and failing to competently litigate [Appellant's] direct appeal by failing to preserve any issues?

2. Did the PCRA court err in denying relief based upon the Commonwealth's violation of 18 Pa.C.S. § 111 for prosecuting [Appellant] for drug delivery resulting in death when his prosecution was based on the same conduct that he was

- 4 -

previously prosecuted for and functionally acquitted of in New York and no exception under the statute applies?

3. Did the PCRA court err in denying relief when [Appellant's] former counsel was ineffective for advising [Appellant] to plead guilty to drug delivery resulting in death without first investigating or challenging the Commonwealth's inability to prove the essential causation element, as the Commonwealth presented no toxicology evidence or expert opinion establishing that the heroin or heroin/fentanyl that [Appellant] sold [the Victim] was the but-for cause of [the Victim's] death?

4. Did the PCRA court err in denying relief when the sentencing court violated [Appellant's] right to allocution and its duty to state reasons for [Appellant's] sentence by indicating that the order was prepared and filed before [Appellant's] sentencing hearing began, failing to orally pronounce [Appellant's] sentence, and failing to state its reasons for [Appellant's] sentence?

Appellant's Brief at 5-6 (some formatting altered).

In reviewing the denial of a PCRA petition, our standard of review

is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

\*    \*    \*

- 5 -

> Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered).

Initially, we note that although Appellant raises multiple issues on appeal, his first claim is dispositive. Appellant argues that trial counsel was ineffective for failing to properly preserve any issues on direct appeal. Appellant's Brief at 55-56. Among other claims, Appellant argues that counsel was *per se* ineffective for failing to file a Rule 2119(f) statement in his appellate brief, which resulted in waiver of his sole issue on direct appeal. ***Id.*** at 56.

This Court has explained that "an accused who is deprived entirely of his right of direct appeal by counsel's failure to perfect an appeal is *per se* without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights [*nunc pro tunc*]." ***Commonwealth v. Johnson***, 889 A.2d 620, 622 (Pa. Super. 2005). Reinstatement under such circumstances is "without regard to his ability to establish the merit of the issues which he seeks to raise on direct appeal." ***Commonwealth v. Franklin***, 823 A.2d 906, 909 (Pa. Super. 2003) (citation omitted).

In ***Johnson***, the appellant filed a direct appeal challenging the discretionary aspects of his sentence. ***See Johnson****,* 889 A.2d at 622. This Court affirmed the judgment of sentence after concluding that appellant

waived his sentencing claim by failing to comply with Rule 2119(f). *Id.* at 623-24. The appellant subsequently filed a PCRA petition alleging the ineffectiveness of appellate counsel and seeking the reinstatement of his right to a direct appeal, which the PCRA court denied. *Id.* at 622.

In concluding that the appellant was entitled to have his direct appeal rights reinstated *nunc pro tunc*, the *Johnson* court explained:

> It is true that there is no absolute right to challenge the discretionary aspects of a sentence. There is, however, a right to seek appellate review of the discretionary aspects of a sentence by including a Pa.R.A.P. 2119(f) statement in the appellate brief. *See* 42 Pa.C.S. § 9781(b). Counsel had a responsibility to protect this right. *See Commonwealth v. Liebel*, 825 A.2d 630, 633 (Pa. 2003) (stating that a person seeking allowance of appeal is entitled to the assistance of counsel under Pa.R.Crim.P. 122). Thus, counsel's failure to include a Pa.R.A.P. 2119(f) statement in the brief compromised appellant's direct appellate rights. *See* [*Commonwealth v.*] *Hernandez*, 755 A.2d [1,] 11–12 & n.6, (Pa. Super. 2000) (holding that trial counsel's ineffectiveness denied the appellant his right to a direct appeal, even though the one claim waived by counsel's failures involved the discretionary aspects of the sentence); *see also Liebel*, 825 A.2d at 635 (holding that counsel's failure to petition for allowance of appeal with our Supreme Court was ineffectiveness denying the appellant his right to a direct appeal, regardless of whether the Supreme Court would have granted review, because although there is no right of appeal to the Supreme Court, there is a right to seek such appeal.

*Id.* at 623–24 (some formatting altered, some citations omitted).

Here, the PCRA court explained:

> [Appellant] argues that counsel denied him a meaningful appeal by raising only a challenge to the discretionary aspects of sentencing and failing to file the requisite Rule 2119(f) statement, which resulted in waiver of even that limited issue. While the failure to preserve issues on appeal is troubling, the [Appellant]

has failed to identify any other meritorious appellate issue that counsel should have raised. Without a demonstration of prejudice under **Pierce**[3]—*i.e.*, that the appeal would have succeeded but for counsel's errors—this claim also fails.

PCRA Ct. Op., 5/27/25, at 13.

Following our review of the record, we conclude that the trial court erred in finding that Appellant was not entitled to relief on this claim. **See Sandusky**, 203 A.3d at 1043-44; **Johnson**, 889 A.2d at 622. As noted previously, Appellant was not required to prove the merits of his underlying discretionary sentencing claim. **See Franklin**, 823 A.2d at 909. Instead, Appellant was required to establish that counsel's ineffectiveness denied him the right to a direct appeal. **See id**; **see also Johnson**, 889 A.2d at 622.

Here, Appellant filed a direct appeal in which his sole claim was a challenge to the discretionary aspects of his sentence. Ultimately, this Court concluded that Appellant waived that claim based on counsel's failure to include a Rule 2119(f) statement in the appellate brief. Therefore, counsel's failure to include a Pa.R.A.P. 2119(f) statement in the brief compromised Appellant's right to a direct appeal. **See Johnson**, 889 A.2d at 622; **see also Franklin**, 823 A.2d at 909.

For these reasons, Appellant's ineffective assistance of counsel claim entitles him to PCRA relief. Accordingly, we reverse the PCRA order and remand to the PCRA court to reinstate Appellant's right to file a direct appeal *nunc pro tunc*.

---

[3] **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987).

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/30/2026